IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY J. MOSER, Jr., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 10-1066 |
| ) | |
| v. ) | Judge Joy Flowers Conti/ |
| ) | Magistrate Judge Maureen P. Kelly |
| SUPERINTENDENT BRIAN COLEMAN; SCI- ) | |
| Fayette; SUPERINTENDENT RAYMOND J. ) | |
| SOBINA. SCI-Albion; JEFFREY A BEARD, ) | |
| Ph.D., Department of Corrections; DEPUTY ) | |
| SUPERINTENDENT NANCY A. GIROUX; ) | |
| DEPUTY SUPERINTENDENT RICHARD M. ) | |
| HALL; GOVERNOR EDWARD G. RENDELL; ) | |
| GOVERNOR TOM CORBETT; PRESIDENT ) | |
| BARACK OBAMA; CHIEF U.S. MAGISTRATE ) | |
| JUDGE AMY REYNOLDS HAY; CO1 HARDY; ) | |
| CO1 DENISE L. DAVIS-MUZOFA, SCI-Albion; ) | |
| SHIRLEY MOORE-SMEAL, Secretary of ) | |
| Corrections; RONALD BRYANT, Major, SCI- ) | |
| Albion; MELINDA ADAMS; Supt. Asst. SCI- ) | |
| Albion; Corrections Counselor SCI-Fayette, B. ) | |
| PARSON; Deputy Secretary Western Region J. ) | |
| BARRY JOHNSON; Office of Grievance Appeals ) | |
| DORINA L. VARNER; SCI-Fayette RN SUE ) | |
| BERRIER; P.A. BYERS a/k/a P.A. MYERS; and ) | |
| SCI-Fayette MEDICAL DIRECTOR, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the case be dismissed with prejudice for failure to comply with the Court's Order to Show Cause filed on May 19, 2011 (ECF No. [30]).

## II. REPORT

At the time, Larry J. Moser, Jr., ("Plaintiff") initiated this suit, he was incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette"). Plaintiff named many prison, judicial and government officials as Defendants. He complained of a laundry list of issues, some of which are, frankly, simply incredible. See, e.g., ECF No. [15] at 3 to 4 (recounting an alleged planting of a device in Plaintiff's stomach, which Plaintiff believes is leaking battery acid and complaining of a "voice box . . . put in my throat and is partially dislodged"). On February 22, 2011, the Court ordered Plaintiff to provide to the Clerk of Court proper instructions, U.S. Marshal Form 285 forms along with a completed notice and waiver of summons, and a copy of the Amended Complaint for each Defendant. ECF No. [20]. Plaintiff was ordered to provide these by March 15, 2011. Plaintiff failed to do so. Accordingly, on March 23, 2011, the Court issued an order to Plaintiff to show cause why this case should not be dismissed due to his failure to comply with the order dated February 22, 2011. Plaintiff's response to the Order To Show Cause was due by April 13, 2011. Plaintiff never filed a response to that Order to Show Cause.

On April 28, 2011, Magistrate Judge Bissoon issued a Report and Recommendation (the "Report") recommending dismissal of the case based on Plaintiff's failure to obey the order that directed Plaintiff to provide proper instructions and completed copies of U.S. Marshal Form 285 along with a completed notice and waiver of summons for each Defendant. ECF No. [25]. Plaintiff was given until May 16, 2011, in which to file objections. No objections were filed, nor was any order entered either adopting or rejecting the Report. Instead, on May 6, 2011, Plaintiff filed yet another Amended Complaint, without leave of court. ECF No. [26]. On May 19, 2011, Magistrate Judge Bissoon again ordered Plaintiff to provide proper instructions, copies of U.S. Marshal Form 285 along with a completed notice and waiver of summons for each Defendant as

well as a copy of the most recent Amended Complaint for each Defendant. ECF No. [30]. Plaintiff was to comply with this order by June 26, 2011. Plaintiff has not complied with the order.

On June 21, 2011, this case was referred to the undersigned Magistrate Judge. ECF No. [31].

On July 1, 2011, the undersigned issued an Order To Show Cause, ECF No. [32], directing Plaintiff to show cause as to why this case should not be dismissed due to Plaintiff's failure to comply with the Order of Magistrate Judge Bissoon, dated May 19, 2011, requiring that he provide proper instructions, copies of U.S. Marshal Form 285 along with completed notice and waiver of summons for each Defendant. Plaintiff's response to the Order To Show Cause was due no later than July 15, 2011. The July 15 deadline has passed and Plaintiff did not file a response to the Order To Show Cause nor did he seek an extension of time in which to do so.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the

extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

Consideration of the factors listed above is as follows:

(1) The extent of the party's personal responsibility.

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

There is no indication that Defendants have been prejudiced by Plaintiff's failures.

(3) A history of dilatoriness.

Plaintiff has repeatedly failed to obey multiple court orders including : 1) the February 22, 2011 order directing him to provide forms and instructions necessary to carry out service; 2) the March 23, 2011 order, directing him to show cause why the case should not be dismissed; 3) the May 19, 2011 order directing him to provide forms and instructions necessary to carry out service; and 4) the July 1, 2011 order, directing him to show cause why this case should not be dismissed due to his failure to prosecute. Previously, the Court had to issue another order to show cause, ECF. No. [5], directing Plaintiff to show cause why the case should not be dismissed due to Plaintiff's failure to provide the court with his institutional account. Plaintiff's repeated failures to respond to this Court's orders is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's orders, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

It is difficult to assess the meritoriousness of Plaintiff's claims at this early stage but absent the ability to serve the Amended Complaint on each of the Defendants,[2] which cannot be accomplished without Plaintiff's compliance with the prior orders of court, even a meritorious claim cannot proceed.

In light of the foregoing, and especially given this Court's extended contact with Plaintiff, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Plaintiff's case be dismissed with prejudice for Plaintiff's repeated failings to comply with Court orders.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrate Judges, objections to this Report and Recommendation are due by September 8, 2011. Failure to file objections by this date will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Date:  August  22, 2011               s/Maureen P. Kelly
                                      Maureen P. Kelly
                                      United States Magistrate Judge

cc:    Joy Flowers Conti
       United States District Judge

       LARRY J. MOSER, JR.
       DV-1733
       S.C.I. Fayette

---

[2]  The Court notes that three of the Defendants filed a Motion to Dismiss (ECF No. [27]), directed to the now superseded Amended Complaint (i.e., ECF No. [15]).

P.O. Box 9999
Labelle, PA 15450

All Counsel of Record via CM-ECF